Fifth and Sixth Amendments as subsumed into the due process provisions of the Fourteenth Amendment to the Constitution, because:

"(a) the statute arbitrarily and capriciously provides that the sale of any publication found to be obscene 'shall be prima facie evidence' that the seller had 'knowledge of the obscene character' of the publication;

"(b) the court below arbitrarily refused to instruct the jury that if the jury found that the petitioner had a good faith belief that the publications involved were not obscene, then petitioner was entitled to an acquittal; and

"(c) the court below arbitrarily excluded from consideration by the jury substantial evidence, both oral and documentary, showing that petitioner had no knowledge of the contents or of the alleged obscenity of the publications involved in the prosecution herein upon which the judgment of conviction against petitioner was rendered."

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE STEWART are of the opinion that certiorari should be granted on all the questions presented by the petition. *Stanley Fleishman* and *Sam Rosenwein* for petitioner. *Robert Matthews,* Attorney General of Kentucky, and *John B. Browning,* Assistant Attorney General, for respondent. *Edgar A. Zingman* and *Joseph S. Freeland* for Kentucky Civil Liberties Union, as *amicus curiae,* in support of the petition.

No. 1116. UNITED STATES *v.* ACME PROCESS EQUIPMENT Co. Ct. Cl. Certiorari granted. *Solicitor General Marshall, Assistant Attorney General Douglas, David L. Rose* and *Robert V. Zener* for the United States. *Jack Rephan, Raymond R. Dickey* and *Bernard Gordon* for respondent.